IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,[1]<br><br>      Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>      Plaintiff,<br><br>vs.<br><br>KITH FURNITURE, L.L.C.,<br><br>      Defendant. | Adv. Proc. No. 22-50197 (CSS) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 & 550**

Defendant, Kith Furniture, L.L.C. ("**Defendant**" or "**Kith**"), by and through its undersigned counsel, hereby Answers Plaintiff's Complaint as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

## THE PARTIES

1. On March 8, 2020, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered for administrative purposes only.

**RESPONSE: Defendant acknowledges that the bankruptcy court docket in Case No. 20-10553 reflects that Debtor Art Van Furniture, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, thereby commencing the bankruptcy case, styled In re: Art Van Furniture, LLC, *et. al.*, Case No 20-10553 (the "Bankruptcy Case"). Defendant further acknowledges that an Order Directing Joint Administration and Related Relief was entered in the Bankruptcy Case on March 10. 2020.**

2. On April 6, 2020, the Court entered an order [D.I. 263] converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. On April 7, 2020, Alfred T. Giuliano was appointed as the chapter 7 trustee of the Debtors [D.I. 264]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

**RESPONSE: Defendant acknowledges that the Bankruptcy Case docket reflects the entry of an order converting the cases to chapter 7 of the Bankruptcy Code. The remaining averments in Paragraph 2 set forth a legal conclusion to which no response is required. To the extent the remaining averments of Paragraph 2 require a response, Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.**

3.    Defendant is a limited liability company formed under the laws of the State of Alabama with its principal office address at 7155 State Highway 13, Haleyville, Alabama.

**RESPONSE: Admitted**

## JURISDICTION AND VENUE

4.    The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

**RESPONSE:  Admitted.**

5.    This proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

**RESPONSE:  Admitted.**

6.    Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RESPONSE:  Paragraph 6 sets forth a legal conclusion to which no response is required.**

7.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**RESPONSE:  Admitted.**

## BASIS FOR RELIEF REQUESTED

8. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

**RESPONSE: Paragraph 8 sets forth a legal conclusion to which no response is required. To the extent Paragraph 8 requires a response, Defendant denies the allegations contained in Paragraph 8 of the Complaint.**

## FACTS

9. Prior to the Conversion Date, the Debtors offered customers a wide array of home furnishings under several well-known brands, including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture.

**RESPONSE: Defendant acknowledges that while operating the Debtors sold home furnishings to customers, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, therefore, denies the remaining allegations of Paragraph 9.**

10. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to, the transactions between the parties identified on **Exhibit A** attached hereto.

**RESPONSE: Defendant acknowledges that it received certain payments to provide goods, which are evidenced by invoices, communications, and other documents. Defendant, however, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and, therefore, denies the remaining allegations of Paragraph 10.**

11. During the ninety (90) days prior to the Petition Date, the Debtors as identified herein with particularity, made payments to or for the benefit of the Defendant, including but not limited to those payments identified on **Exhibit A** attached hereto (collectively, the "**Transfers**"). **Exhibit A** sets forth the details of each of the Transfers, including the check or payment number, payment date, payment amount, invoice number, invoice date, and invoice amount. The aggregate amount of the Transfers is not less than $43,747.50.

**RESPONSE: Defendant acknowledges that it received certain payments to provide goods, which are evidenced by invoices, communications, and other documents. Defendant, however, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the remaining allegations of Paragraph 11.**

12. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c). On or about March 25, 2021 and thereafter, Plaintiff, through counsel, sent one or more demand letters (the "**Demand Letter**") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested

that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. Plaintiff also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing his own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that he may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

**RESPONSE:  Paragraph 12 sets forth legal conclusions to which no response is required. Paragraph also sets forth averments for which Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations of Paragraph 12 and, therefore, denies the allegations of Paragraph 12 to the extent Paragraph 12 requires a response.**

### FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

13.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

**RESPONSE: Defendant incorporates its answers to all preceding paragraphs of the Complaint as if fully restated herein.**

14.     Within the ninety days prior to the Petition Date, the Debtors as identified made the Transfers to Defendant in the total amount of $43,747.50, as more specifically described in **Exhibit A**.

**RESPONSE: Defendant acknowledges that it received certain payments to provide goods, which are evidenced by invoices, communications, and other documents.  Defendant, however, lacks knowledge or information sufficient to form a belief as to the truth of the**

**remaining allegations of Paragraph 14 and, therefore, denies the remaining allegations of Paragraph 14.**

15. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the allegations of Paragraph 15.**

16. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant in payment of product or services previously ordered and rendered by Defendant.

**RESPONSE: Defendant acknowledges that it received certain payments to provide goods, which are evidenced by invoices, communications, and other documents. Defendant, however, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, denies the remaining allegations of Paragraph 16.**

17. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

**RESPONSE: Defendant acknowledges that it received certain payments to provide goods, which are evidenced by invoices, communications, and other documents. Defendant, however, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, therefore, denies the remaining allegations of Paragraph 17.**

18. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made. This debt was typically referenced in an invoice and/or purchase order exchanged between the parties.

**RESPONSE: Defendant acknowledges that it received certain payments to provide goods, which are evidenced by invoices, communications, and other documents. Defendant, however, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and, therefore, denies the remaining allegations of Paragraph 18.**

19. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

**RESPONSE: Defendant lacks sufficient information to form a belief as to the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the allegations of Paragraph 19. The remaining allegations in Paragraph 19 are legal conclusions which do not require an answer.**

20. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if: (i) the Debtors' case was a case under chapter 7 of the Bankruptcy Code; (ii) if the transfers and/or payments had not been made, and (iii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, denies the allegations of Paragraph 20.**

21.     As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies the allegations of Paragraph 21.**

22.     The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**RESPONSE: Paragraph 22 sets forth legal conclusions to which no response is required.  To the extent Paragraph 22 requires a response, all allegations of Paragraph 22 are denied.**

### SECOND CLAIM FOR RELIEF
**(For Recovery of Property -- 11 U.S.C. § 550)**

23.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

**RESPONSE: Defendant incorporates its answers to all preceding paragraphs of the Complaint as if fully restated herein.**

24.     As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

**RESPONSE:  Paragraph 24 sets forth legal conclusions to which no response is required.  To the extent Paragraph 24 requires a response, all allegations of Paragraph 24 are denied.**

25. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

**RESPONSE:  Paragraph 25 sets forth legal conclusions to which no response is required.  To the extent Paragraph 25 requires a response, all allegations of Paragraph 25 are denied.**

### AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense
### (No Transfer for or on Account of an Antecedent Debt)

The Transfers sought to be avoided and recovered by the Trustee were not all in payment of antecedent debt owed by a Debtor to the Defendant.

### Third Affirmative Defense
### (The Defendant Was Not a Creditor of the Debtor)

Upon information and belief, the Defendant was not a creditor of the Debtor at the time of all of the Transfers.

**Fourth Affirmative Defense**
**(Ordinary Course of Business)**
**11 U.S.C. § 547(c)(2)**

The payments from the Debtor to Defendant during the Preference Period were in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, and such payments were (i) made in the ordinary course of business or financial affairs of the Debtor and Defendant; and (ii) made according to ordinary business terms.

**Fifth Affirmative Defense**
**(Contemporaneous Exchange of New Value)**
**11 U.S.C. § 547(c)(1)**

The payments from the Debtor to Defendant during the Preference Period were intended by the Debtor and Defendant to be contemporaneous exchanges for new value given to the Debtor and, in fact, were substantially contemporaneous exchanges.

**Sixth Affirmative Defense**
**(Section 502(h) Claim)**

To the extent Defendant returns all or any portion of the Transfers, it is entitled to a general unsecured claim against the Debtors' estate, pursuant to Section 502(h) of the Bankruptcy Code.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by the doctrine of setoff and/or recoupment.

## Eighth Affirmative Defense

Defendant reserves the right to assert any other claims or defenses as may be available, or may become available to it, during the course of these proceedings.

Dated: March 31, 2022
       Wilmington, Delaware

BAYARD, P.A.

*/s/ GianClaudio Finizio*
GianClaudio Finizio (4253)
600 N. King Street, Ste. 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: gfinizio@bayardlaw.com

*Counsel to Kith Furniture, L.L.C.*